[Civ. No. 5633. Fifth Dist. Aug. 26, 1982.]

CITY OF ATASCADERO, Plaintiff and Respondent, v.
KATHLEEN E. DALY et al., Defendants and Appellants.

COUNSEL

John Paul Daly for Defendants and Appellants.

Allen Grimes, City Attorney, and Frederic C. Metzger for Plaintiff and Respondent.

OPINION

ANDREEN, J.—The City of Atascadero (City) filed a complaint for declarative relief and an injunction against Kathleen E. Daly and two other named defendants (appellants). The cause of action for declarative relief sought a declaration of invalidity of a proposed ordinance and of the nonavailability of the initiative process for the purpose of enacting the ordinance.

Appellants filed an answer which sought a declaration that the proposed ordinance was valid and that the City should either adopt it or set it for special election. Attorney fees were asked for, as well as "For such other and further relief as the Court deems proper in the circumstances . . . ."[1]

An order to show cause was set to determine whether a preliminary injunction should be issued. At the hearing thereon, the City abandoned its request for injunctive relief. The parties stipulated that a controversy existed and submitted the validity of the ordinance to determination by the court. A hearing was held on the issue thus framed. The trial court found the proposed initiative ordinance invalid.

It should be stressed at the outset that the validity of the initiative ordinance was the only issue before the trial court and is the only issue on appeal. Appellants' protestations in their intemperate briefs[2] concerning alleged abrogations of their rights are irrelevant. Appellants should have filed an appropriate cross-complaint if they wished such an issue to be litigated.

We turn to the real issue in the case—whether the proposed ordinance was a proper subject for local initiative.

On October 11, 1979, appellants presented a proposed initiative ordinance[3] to the City. The proposed ordinance, stripped of its legal

---

[1]This is not an appropriate vehicle for requesting affirmative relief; affirmative relief may not be claimed in the answer. (Code Civ. Proc., § 431.30, subd. (c).)

[2]Briefs filed by appellants are replete with shrill *ad hominem* attacks on the trial court. We disapprove of this tasteless tactic.

[3]An initiative ordinance is an indirect initiative, i.e., it "entails submission of the measure to the appropriate legislative body, which must enact the measure within a specified period of time, or failing to do so, must submit it to the voters at the next election or at a special election." (The Law of Politics (Cont.Ed.Bar 1977) § 5.3, p. 325.)

verbiage, would have required the City to submit any revenue-raising measure to the voters for their approval before the measure could be implemented.[4] The relevant portions of the ordinance read as follows:

"Any device which has as its purpose in whole or in part the imposition or increase of a source of revenue shall be deemed a special tax subject to the provisions of Article XIII A Section 4 of the California Constitution.[5]

"Device shall refer to and include, but shall not be limited to fees, charges, service charges, levies and assessments of every sort whatsoever.

"No fee, levy or charge in existence on the effective date of this ordinance shall be imposed on any person not otherwise subject to the payment of said fee, levy or charge prior to the effective date of the ordinance."

Appellants requested that the City either adopt the ordinance or submit it to the voters. The City decided not to adopt the ordinance at its meeting on November 26, 1979.

On November 16, 1979, appellants caused a "Notice of Intent to Circulate a Petition" to be published in the local newspaper and on December 8, 1979, they began to circulate a petition in the City seeking to obtain sufficient signatures of registered voters to qualify the ordinance as an initiative measure. The City filed its complaint on December 20, 1979.

The City's position was that the Constitution and the Legislature have vested the power to tax in the legislative body of cities. It argued that electors of the cities therefore do not have this power. The court agreed with respondent City and ruled that the proposed initiative removed too much discretion to tax from the City and that that discretion, conferred by the Constitution on a general law city, could only be restricted by the Legislature or the Constitution. This appeal followed.

---

[4] The proposed ordinance is set forth in the appendix.

[5] Article XIII A, section 4, is part of Proposition 13 which provides in relevant part: "Cities, counties and special districts, by two-thirds vote of the qualified electors of such district, may impose special taxes on such district . . . ."

■ The proposed ordinance seeks to define the words "special tax" as they are used in article XIII A, section 4 of the California Constitution. Those words, however, have been authoritatively defined by our Supreme Court in *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47 [184 Cal.Rptr. 713, 648 P.2d 935].

Also, the Legislature has spoken on the subject. In Government Code section 50076, "special tax" is defined as not including fees not exceeding the "... reasonable cost of providing the service or regulatory activity for which the fee is charged." The ordinance, which seeks to make its own interpretation of the words "special tax," is therefore invalid as being in conflict with general laws. (*Hall* v. *Taft* (1956) 47 Cal.2d 177, 184 [302 P.2d 574].)

■ The proposed ordinance is invalid for an additional reason: it is an unlawful attempt to impair essential governmental functions through interference with the administration of the City's fiscal powers. (*Geiger* v. *Board of Supervisors* (1957) 48 Cal.2d 832, 839-840 [313 P.2d 545].)

An initiative is not available as a device to curtail the taxing power. Thus, in *Myers* v. *City Council of Pismo Beach* (1966) 241 Cal.App.2d 237 [50 Cal.Rptr. 402], an initiative to repeal a city ordinance imposing a room occupancy tax was stricken from the ballot. The court stated: "Such a proposed initiative ordinance, even if approved by a vote of the electors, cannot be used as a means of tying the hands of the city council and depriving it of the right and duty to exercise its discretionary power in a taxation matter such as is here involved." (At p. 244; accord *Campen* v. *Greiner* (1971) 15 Cal.App.3d 836, 843 [93 Cal.Rptr. 525]; *Dare* v. *Lakeport City Council* (1970) 12 Cal.App.3d 864, 867-868 [91 Cal.Rptr. 124].)

■ Appellants advanced the argument that the presence of the severability clause in the proposed initiative ordinance might save it. Such is not the law. (*Bennett* v. *Drullard* (1915) 27 Cal.App. 180, 185-187 [149 P. 368] [city council refused to submit three-part ordinance to a vote, held: any part void, all void if parts interrelated]; accord *Alexander* v. *Mitchell* (1953) 119 Cal.App.2d 816, 829-830 [260 P.2d 261]; see *Santa Barbara Sch. Dist.* v. *Superior Court* (1975) 13 Cal.3d 315, 332, fn. 7 [118 Cal.Rptr. 637, 530 P.2d 605].)

■ Finally, appellants attack the judgment arguing that the City should have been foreclosed from receiving any relief in equity because of unclean hands, viz., the City's "callous contempt for the law and the rights of its electors." Appellants' sole citation of authority is Civil Code section 3517, "No one can take advantage of his own wrong." At the hearing below appellants endeavored to demonstrate this alleged "wrong" on the part of the City by presenting evidence about the motives of City councilmen in bringing the lawsuit and in failing to adopt the ordinance. Appellants' attempts were rebuffed by objections sustained on relevancy grounds.

The determination of motive or bad faith was irrelevant to the sole question at hand, the validity of the proposed ordinance. (Evid. Code, § 350.) Cases are legion holding that inquiry into the motives of a legislative body for their actions is impermissible. (See, e.g., *City of Fairfield* v. *Superior Court* (1975) 14 Cal.3d 768, 772 [122 Cal.Rptr. 543, 537 P.2d 375] [improper to inquire of city councilmen what evidence they relied on or what reasoning they employed prior to a vote]; *County of Los Angeles* v. *Superior Court* (1975) 13 Cal.3d 721, 726-728 [119 Cal.Rptr. 631, 532 P.2d 495] and cases there cited ["rule barring judicial probing of lawmakers' motivations applies to local legislators as well as members of the state Legislature or of Congress"].)

Appellants' argument is disguised disgruntlement that they could not use the declaratory relief hearing as a forum for their complaints about the City council. The court did not err.

The judgment is affirmed.

Franson, Acting P. J., and Zenovich, J., concurred.

## APPENDIX

"2. The proposed ordinance reads as follows:

"The people of the City of Atascadero do ordain as follows:

"Any device which has as its purpose in whole or in part the imposition or increase of a source of revenue shall be deemed a special tax subject to the provisions of Article XIII A Section 4 of the California Constitution.

"Device shall refer to and include, but shall not be limited to fees, charges, service charges, levies and assessments of every sort whatsoever.

"No fee, levy or charge in existence on the effective date of this ordinance shall be imposed on any person not otherwise subject to the payment of said fee, levy or charge prior to the effective date of the ordinance.

"Device shall not include sources of revenue derived solely from other governmental entities nor purely voluntary donations conferred upon the city from other than governmental sources.

"If any portion, part, clause or phrase hereof is for any reason held to be invalid by a court of competent jurisdiction, said portion shall be deemed severable and thereafter its provisions shall be subject to an advisory election (Cal. Elec. Code Sec. 5353) prior to the imposition of any revenue raising device."