[No. AO18984. First Dist., Div. Two. Feb. 7, 1983.]

CONSTANCE CARLSON et al., Petitioners, v.
KENNETH CORY, as State Controller, Respondent.

COUNSEL

Pamela J. Jester for Petitioners.

George Deukmejian and John K. Van de Kamp, Attorneys General, Richard
D. Martland and N. Eugene Hill, Assistant Attorneys General, and Paul H.
Dobson, Deputy Attorney General, for Respondent.

OPINION

SMITH J.—■ ■ ■ ■  Petitioners, taxpayers and electors of Alameda
County and the City and County of San Francisco, invoke the original jurisdic-
tion of this court in a petition for writ of mandate[1] challenging the validity,
under the California Constitution, of Propositions 5 and 6,[2] two initiative

___

[1] Petitioners also seek an interim stay. Such relief, however, is not within the original jurisdic-
tion of an appellate court. (*Walsh* v. *Railroad Commission* (1940) 16 Cal.2d 691, 693-694 [107
P.2d 611].) We therefore treat this solely as a petition for writ of mandate.

[2] Proposition 5 provides: "SECTION 1. Part 8 (commencing with Section 13301) of Division 2
of the Revenue and Taxation Code is repealed.

"SEC. 2. Part 8 (commencing with Section 13301) is added to Division 2 of the Revenue and
Taxation Code, to read:

statutes enacted at the June 8, 1982, statewide election which have the effect of repealing inheritance and gift tax laws. We have concluded that our exercise of original jurisdiction is appropriate and have issued an alternative writ. (Cal. Const., art. VI, § 10; Cal. Rules of Court, rule 56; *Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 241 [186 Cal.Rptr. 30, 651 P.2d 274]).

DISCUSSION

Petitioners urge that: 1) the Legislature's power to tax is subject only to constitutional limitation and, therefore, may be limited only by initiatives amend-

PART 8. FEDERAL CREDIT TAX

"13301. Neither an inheritance tax nor a gift tax shall be imposed on any transfer made and completed on or after January 1, 1981. However, a tax shall be imposed on the estate of decedents dying on and after January 1, 1981, at the same rate as the schedule of credits for state death taxes under subdivision (b) of Section 2011 of the Internal Revenue Code of 1954.

"13302. The Legislature shall provide for the collection and administration of the tax imposed by Section 13301.

"SEC. 3. Part 9 (commencing with Section 15101) of Division 2 of the Revenue and Taxation Code is repealed."

Proposition 6 provides: "Section 1. Part 8 (commencing with Section 13301) of Division 2 of the Revenue and Taxation Code is repealed.

"Section 2. Part 9 (commencing with Section 15101) of Division 2 of the Revenue and Taxation Code is repealed.

"Section 3. Part 8 (commencing with Section 13301) is added to Division 2 of the Revenue and Taxation Code, to read:

"Part 8. Prohibition of Gift and Death Taxes

"13301. Neither the state nor any political subdivision of the state shall impose any gift, inheritance, succession, legacy, income or estate tax, or any other tax, on gifts or on the estate or inheritance of any person or on or by reason of any transfer occurring by reason of a death.

"13302. Notwithstanding the provisions of Section 13301, whenever a federal estate tax is payable to the United States, there is hereby imposed a California estate tax equal to the portion, if any, of the maximum allowable amount of the credit for State Death Taxes, allowable under the applicable federal estate tax law, which is attributable to property located in the State of California. However, in no event shall the estate tax hereby imposed result in a total death tax liability to the State of California and the United States in excess of the death tax liability to the United States which would result if this section were not in effect.

"13303. The Legislature shall provide for the collection and administration of the tax imposed by Section 13302.

"Section 4. This act shall become operative as of the date of passage hereof, and shall apply to the estates of those persons dying on or after such date, to transfers occurring by reason of a death occurring on or after such date, and to gifts made or completed on or after such date. Any liability for inheritance or gift tax incurred prior to such date shall be determined and enforced under the applicable law in effect on the date of death or date of completed transfer as fully and to the same extent as if the repeals of Parts 8 and 9 of Division 2 of the Revenue and Taxation Code had not been made.

"Section 5. Except to provide for the collection and administration of the tax imposed by Section 13302 of the Revenue and Taxation Code in a manner not inconsistent with this act, the Legislature shall not amend or repeal this act other than by an enactment which becomes effective only when approved by a majority of the electors voting thereon in a statewide election.

"Section 6. If any section, part, clause, or phrase hereof is for any reason held to be invalid, the remaining provisions of this act shall not be affected but shall remain in full force and effect."

ing the Constitution, not those repealing tax statutes; 2) Propositions 5 and 6 impair the essential fiscal management functions vested in the Legislature; and 3) the statutory initiative cannot be used to circumvent the constitutional prohibition against referenda on tax levies. For the reasons set forth below, we find these contentions without merit.

Initially, we note that our state Constitution does not limit the subject matter of direct legislation proposed by initiative. (Cal. Const., art. II, § 8.) The referendum procedure is available to rescind all legislative enactments except "urgency statutes, statutes calling elections, and statutes providing for tax levies or appropriations for usual current expenses of the State." (Cal. Const., art. II, § 9, subd. (a).) ■ In response to this broad constitutional reservation of power in the people, the courts have consistently held that the Constitution's initiative and referendum provisions should be liberally construed to maintain maximum power in the people. (*Blotter* v. *Farrell* (1954) 42 Cal.2d 804, 812 [270 P.2d 481]; *Hunt* v. *Mayor & Council of Riverside* (1948) 31 Cal.2d 619, 628 [191 P.2d 426].) Any doubts should be resolved in favor of the exercise of these rights. (*Brosnahan* v. *Brown, supra,* 32 Cal.3d 236, 241; *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 219 [149 Cal.Rptr. 239, 583 P.2d 1281].)

I.

■ Turning to the merits of petitioners' contentions, we address their first argument that the subject propositions are an unconstitutional limitation on the Legislature's power to tax.

It is true, as petitioners maintain, that, absent some constitutional limitation on the taxation power of the Legislature, its power to tax is supreme. (See *Delaney* v. *Lowery* (1944) 25 Cal.2d 561, 568 [154 P.2d 674]; *City of Crescent City* v. *Moran* (1938) 25 Cal.App.2d 133, 136 [77 P.2d 281].) Article II, section 8 of the California Constitution, however, reserves to the people the power of the initiative, defined as the power "to propose statutes and amendments to the Constitution" without limitation. Our state Constitution clearly indicates that the power of the initiative is the separate and distinct power of the people to legislate: "The legislative power of this State is vested in the California Legislature . . . , but the people reserve to themselves the power of initiative and referendum." (Cal. Const., art. IV, § 1; see also *Fair Political Practices Com.* v. *Superior Court* (1979) 25 Cal.2d 33, 42 [157 Cal.Rptr. 855, 599 P.2d 46].) This reservation of power by the people is, in the sense that it gives them the final legislative word, a limitation upon the power of the Legislature.

Article XIII, section 33[3] of our state Constitution, which is cited by petitioners in support of their argument, does not compel a contrary conclusion. That section merely empowers the Legislature to pass laws regarding the taxation of property; it does not in any way limit the plenary power of referendum and initiative which has been reserved to the people in article II, sections 8 and 9.

## II.

We next address petitioner's contention that the subject propositions impair the essential fiscal management function of the Legislature. Citing article II, section 10, subdivision (c) of the California Constitution which provides that the Legislature "may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors," petitioners maintain that repeal of a tax statute by the statutory initiative greatly impairs the Legislature's essential function of balancing the budget.[4]

In *Simpson* v. *Hite* (1950) 36 Cal.2d 125, 134 [222 P.2d 225], our Supreme Court stated the rule that the initiative or referendum powers of local electors are not available where " '[T]he inevitable effect would be greatly to impair or wholly destroy the efficacy of some other governmental power, the practical application of which is essential . . .'." (See also *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 143 [130 Cal.Rptr. 465, 550 P.2d 1001]; *Builders Assn. of Santa Clara-Santa Cruz Counties* v. *Superior Court* (1974) 13 Cal.3d 225, 230, fn. 4 [118 Cal.Rptr. 158, 529 P.2d 582]; *Campen* v. *Greiner* (1971) 15 Cal.App.3d 836, 843 [93 Cal.Rptr. 525]; *Chase* v. *Kalber* (1915) 28 Cal.App. 561, 569-570 [153 P. 397].) In *Simpson* v. *Hite, supra,* 36 Cal.2d 125, this rule was based, at least in part, upon the premise that local legislation, whether by local legislative bodies or by the initiative and referendum, may not interfere with the state's system of regulation over a matter of statewide concern. (*Id.* at pp. 130-131; see also *Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 596, fn. 14 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038]; *Galvin* v. *Board of Supervisors* (1925) 195 Cal. 686, 693 [235 P. 450].) In the area of taxation, "decisions invalidating initiative or referendum measures to repeal local tax levies have indicated a policy of resolving any doubts in the scope of the initiative or referendum in a manner that avoids interference with a local legislative body's responsibilities for fiscal management." (*Birkenfeld* v. *City of Berkeley, supra,* 17 Cal.3d 129, 143; see

---

[3]That section provides: "The Legislature shall pass all laws necessary to carry out the provisions of this article."

[4]To the degree this argument is premised upon the effect of the retroactivity provision of Proposition 5, it must be rejected. For the reasons set forth in our opinion in *Estate of Gibson* (1983) *post,* page 733 [189 Cal.Rptr. 201], we hold that this provision is void.

*Geiger* v. *Board of Supervisors* (1957) 48 Cal.2d 832, 839-840 [313 P.2d 545]; *Hunt* v. *Mayor & Council of Riverside, supra,* 31 Cal.2d 619, 628-629; *Campen* v. *Greiner, supra,* 15 Cal.App.3d 836, 843.)

Petitioners, however, cite no case, and we are aware of none, where this rule has been applied to statewide measures. Assuming, for the purpose of discussion, that the rule is so applicable (see *Brosnahan* v. *Brown, supra,* 32 Cal.3d 236, 259), petitioners' argument must nevertheless fall. Propositions 5 and 6 do not either destroy or severely limit the power of the state Legislature to tax or to balance the budget. Unlike local bodies whose power to tax is more limited, the state Legislature has broad powers to tax as well as considerable discretion to limit spending in order to achieve a balanced budget. It is significant that the Legislature has itself repealed the inheritance and gift taxes effective January 1, 1983. (Stats. 1982, ch. 1535, §§ 14, 16.)

### III.

■ Petitioners lastly maintain that the statutory initiative cannot be used to circumvent the constitutional prohibition against referenda on tax levies. They urge that this may only be accomplished by constitutional amendment.

"The referendum is the power of the electors to approve or reject statutes or parts of statutes except urgency statutes, statutes calling elections, and statutes providing for tax levies or appropriations for usual current expenses of the State." (Cal. Const., art. II, § 9, subd. (a).) The referendum procedure permits 5 percent of the voters by petition to suspend a state law enacted by the Legislature before it becomes effective and to require submission of the newly enacted measure to a popular vote. (Cal. Const., art. II, § 9; *Assembly* v. *Deukmejian* (1982) 30 Cal.3d 638, 654-656 [180 Cal.Rptr. 297, 639 P.2d 939].) The evident purpose of the above-cited limitations on the referendum power is to prevent a small percentage of the electorate from disrupting the legislative process by causing a delay in the implementation of laws which need to be given immediate effect. (See *Geiger* v. *Board of Supervisors, supra,* 48 Cal.2d 832, 839-840; *Hunt* v. *Mayor & Council of Riverside, supra,* 31 Cal.2d 619, 629.)

"The initiative is the power of the electors to propose statutes and amendments to the Constitution and to adopt or reject them." (Cal. Const., art. II, § 8, subd. (a).) The only limitations on the use of the initiative are that an initiative measure may not embrace more than one subject, name any individual to office or appoint any private corporation to perform any function or have any power or duty. (Cal. Const., art. II, §§ 8, subd. (d) and 12.) Since an initiative measure becomes law *only* after approved by a majority of the electorate (Cal. Const., art. II, §§ 8 and 10, subd. (a)), there was no reason for the Legislature

in drafting the 1911 amendment to the state Constitution which reserved the initiative and referendum powers to the people to except from the initiative power the types of measures excepted from the referendum power. Our Supreme Court recognized this distinction when, in holding that a referendum on a proposed tax ordinance was not available under a city charter excluding certain taxes from the referendum power, it observed that the subject tax levy might "still be voted upon by the people under present initiative provisions of the charter." (*Hunt* v. *Mayor & Council of Riverside, supra,* 31 Cal.2d 619, 629-630.)

In support of their argument that the prohibition against referenda on tax levies also applies to the statutory initiative, petitioners cite the cases of *Gibbs* v. *City of Napa* (1976) 59 Cal.App.3d 148 [130 Cal.Rptr. 382], *Campen* v. *Greiner, supra,* 15 Cal.App.3d 836, *Dare* v. *Lakeport City Council* (1970) 12 Cal.App.3d 864 [91 Cal.Rptr. 124], and *Myers* v. *City Council of Pismo Beach* (1966) 241 Cal.App.2d 237 [50 Cal.Rptr. 402]. In the context of local elections, these and other cases have stated the "rule" that "[a] proposed initiative ordinance cannot be used as an indirect or backhanded technique to invoke the referendum process" where that process is not available. (*Dare* v. *Lakeport City Council, supra,* at p. 867; see also *City of Atascadero* v. *Daly* (1982) 135 Cal.App.3d 466, 470 [185 Cal.Rptr. 228]; *Bock* v. *City Council* (1980) 109 Cal.App.3d 52, 58 [167 Cal.Rptr. 43]; *Gibbs* v. *City of Napa, supra,* at p. 153; *Campen* v. *Greiner, supra,* at p. 843; *Myers* v. *City Council of Pismo Beach, supra,* at p. 243.) This "rule," however, has never been approved by our Supreme Court and, in almost all of the above-cited cases, was merely dictum. We read those cases, not for the proposition advanced by petitioners, but for the settled ruled that neither the initiative nor the referendum may be used in a manner which interferes with a local legislative body's responsibility for fiscal management. (See *Birkenfeld* v. *City of Berkeley, supra,* 17 Cal.3d 129, 143.)

As we have observed, there is nothing in our state Constitution which prohibits the use of the statutory initiative to repeal tax laws. While the "legislative power of this State is vested in the California Legislature" (Cal. Const., art. IV, § 1), the people have reserved the initiative power "to propose statutes . . . and to adopt and reject them." (Cal. Const., art. II, § 8, subd. (a).) These constitutional provisions are part of the progressive reforms of 1911 which provided the electorate with the tools of direct democracy thereby returning the government to the people. (Olin, California's Prodigal Sons (1968) p. 44.)

Courts have declined to indulge in the construction of constitutional terms which, as here, are clear and unambiguous. (See *Board of Supervisors* v. *Lonergran* (1980) 27 Cal.3d 855, 866 [167 Cal.Rptr. 820, 616 P.2d 802].) In rejecting petitioners' arguments, we follow the rule which requires that all

doubts be reserved in favor of this precious reserved right of the people. (*Brosnahan* v. *Brown, supra,* 32 Cal.3d 236, 241.)

The alternative writ is discharged. The peremptory writ is denied.

Rouse, Acting P. J., and Miller, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied April 13, 1983. Grodin, J., did not participate therein. Mosk, J., and Reynoso, J., were of the opinion that the application should be granted.