[Civ. No. 54333. First Dist., Div. Four. Aug. 12, 1983.]

COMMUNITY HEALTH ASSOCIATION et al.,
Plaintiffs and Respondents, v.
BOARD OF SUPERVISORS OF HUMBOLDT COUNTY et al.,
Defendants and Respondents;
ELAINE E. HOWELL et al., Interveners and Appellants.

COUNSEL

Harland & Gromala and Richard A. Smith for Interveners and Appellants.

Stokes, Steeves, Warren, Farmer & Jensen and Terry R. Farmer for Plaintiffs and Respondents.

Robert D. Curiel, County Counsel, for Defendants and Respondents.

John Sullivan Kenny, County Counsel (Shasta), as Amicus Curiae on behalf of Defendants and Respondents.

OPINION

POCHÉ, J.—In this case we consider the validity of an initiative measure (Prop. A) adopted by the voters of Humboldt County in November of 1979. The initiative resulted in the adoption of Humboldt County Ordinance No. 1367, which imposes stringent limitations on the power of the board of supervisors to levy and/or increase "license fees, permit fees, charges and/or assessments" within the County of Humboldt.[1] The trial court invalidated the ordinance in its entirety as violative (inter alia) of the limitations on the initiative power contained in article II, section 9, subdivision (a), of the California Constitution.[2]

We affirm.

---

[1] The initiative measure provides: " 'No license fees, permit fees, charges and/or assessments shall be levied in the County of Humboldt by agencies thereof or by the Humboldt County Board of Supervisors which will be higher in amount than was charged in 1975-[']76. [¶] Only those license fees, permit fees, charges and/or assessments in effect in 1975-'76 may be collected. All license fees, permit fees, charges and/or assessments not in effect in 1975-'76 are hereby repealed. [¶] License fees, permit fees, charges and/or assessments may be increased only by a majority vote of the registered voters of Humboldt County voting at a regular election or at an election called for that purpose.' "

[2] Article II, section 9, subdivision (a), of the California Constitution provides: "The referendum is the power of the electors to approve or reject statutes or parts of statutes except urgency statutes, statutes calling elections, and statutes providing for tax levies or appropriations for usual current expenses of the State."

## Facts

The instant action was brought by plaintiffs, Community Health Association, Hoopa, California (CHA) and Alice Whitson, a taxpayer and resident of Humboldt County, against defendants, the Board of Supervisors of Humboldt County (Board) and the County of Humboldt (County). The relief sought under the amended complaint may be summarized as follows: (1) a declaration that the Howell Initiative does not apply to fees charged by Humboldt Medical Center (HMC), a County-operated hospital facility located at Hoopa, or that if it does apply, the initiative is invalid as to such fees, and an injunction restraining defendants from implementing the initiative insofar as it applies to HMC; (2) a declaration that fees charged by the County under contracts to provide police services and other essential services to governmental entities within the County are not subject to the initiative and an injunction restraining defendants from implementing the initiative with respect to such contracts; and (3) a declaration that the initiative is totally invalid and that fees, charges and assessments of the County are not subject to the initiative.[3]

Elaine E. Howell and the Ed Howell Committee, an unincorporated association of resident taxpayers, were permitted to intervene as defendants as the true proponents and supporters of the Howell Initiative. (See Code Civ. Proc., § 387.) The City of Blue Lake, which annually contracted for police services provided by the County, was permitted to appear as amicus curiae on behalf of plaintiffs.

The case came for trial on a written stipulation of facts. After argument, the trial court rendered a 38-page memorandum of intended decision together with separate findings of fact and conclusions of law.

The trial court found that the initiative was intended to apply to fees set by HMC, but (for reasons not pertinent to the instant appeal) was invalid insofar as it did apply to those fees. The court found that the initiative did not apply to contracted-for services provided by the County to other public entities.

With respect to the initiative as a whole the court found it invalid in three respects: (1) it attempted to regulate in the field of legislation relating to the limitations of local governmental appropriations, an area which was fully

---

[3]The amended complaint also sought a declaration that the initiative did not apply to sewer use and sewer connection fees collected by County Service Area Three. That count was rendered moot by the subsequent passage of "Measure B" in June of 1980, whereby the voters passed an initiative declaring that the Howell Initiative did not apply to sewer rates and assessments within County Service Area Three.

regulated by article XIII B, of the California Constitution, and hence was preempted; (2) it was an improper exercise of the initiative power under article II, section 9, subdivision (a), of the California Constitution; and (3) it is an unlawful exercise of the local initiative power in that it restricts future legislative action.

Interveners appeal from the judgment only insofar as it declares that the ordinance is invalid with respect to " 'all fees, charges, and assessments imposed by the County.' " Defendants, the Board and the County, and the County of Shasta have been permitted to file briefs as amici curiae in support of the judgment.

### Discussion

*The initiative violates article II, section 9, subdivision (a), of the California Constitution.*

■ The California Constitution places limits on the use of referendums: "The referendum is the power of the electors to approve or reject statutes or parts of statutes *except* urgency statutes, statutes calling elections, and statutes *providing for tax levies* or appropriations for usual current expenses of the State." (Cal. Const., art. II, § 9, subd. (a) (formerly art. IV, § 23) italics added.) Although the constitutional provision speaks in terms of state-wide referendums, it has been construed as applying to county referendums (*Geiger* v. *Board of Supervisors* (1957) 48 Cal.2d 832, 836 [313 P.2d 545]; *Hunt* v. *Mayor & Council of Riverside* (1948) 31 Cal.2d 619, 623-624 [191 P.2d 426]) and to local initiatives (*City of Atascadero* v. *Daly* (1982) 135 Cal.App.3d 466, 470 [185 Cal.Rptr. 228]; *Campen* v. *Greiner* (1971) 15 Cal.App.3d 836, 843 [93 Cal.Rptr. 525]; *Dare* v. *Lakeport City Council* (1970) 12 Cal.App.3d 864, 867-869 [91 Cal.Rptr. 124]; see *Myers* v. *City Council of Pismo Beach* (1966) 241 Cal.App.2d 237, 243-244 [50 Cal.Rptr. 402]).

While the power of initiative must be liberally construed (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 219 [149 Cal.Rptr. 239, 583 P.2d 1281]) it cannot be invoked where " 'the inevitable effect would be greatly to impair or wholly destroy the efficacy of some other governmental power, the practical application of which is essential . . .' [Citations.]" (*Simpson* v. *Hite* (1950) 36 Cal.2d 125, 134 [222 P.2d 225]; accord *Geiger* v. *Board of Supervisors, supra,* 48 Cal.2d at p. 839; *Hunt* v. *Mayor & Council of Riverside, supra,* 31 Cal.2d

at pp. 628-629; *City of Atascadero* v. *Daly, supra,* 135 Cal.App.3d at p. 470; *Campen* v. *Greiner, supra,* 15 Cal.App.3d at p. 843.)[4]

One of the primary reasons the Constitution exempts acts providing for tax levies or appropriations for the current usual expenses of the state from referendum or initiative power is to "prevent disruption of its operations by interference with the administration of its fiscal powers and policies." (*Geiger* v. *Board of Supervisors, supra,* 48 Cal.2d at pp. 839-840.) The same rationale insulates acts of a county board of supervisors: "An essential function of a board of supervisors is the management of the financial affairs of county government, which involves the fixing of a budget to be used as the basis for determining the amount and rate of taxes to be levied. Before the board can properly prepare a budget, it must be able to ascertain with reasonable accuracy the amount of income which may be expected from all sources, and, when it has adopted ordinances imposing taxes, it cannot make an accurate estimate unless it knows whether the ordinances will become effective. These are some of the reasons why the people have entrusted to their elected representatives the duty of managing their financial affairs and of prescribing the method of raising money." (*Id.,* at p. 840.)

The trial court found that the initiative ordinance conflicted with and was prohibited by article II, section 9, subdivision (a), of the California Constitution because fees and charges for governmental services are " 'tax levies or appropriations for usual current expenses of the state.' " Appellants challenge this characterization.

The California Supreme Court sums up the decisional law of this state invalidating initiative or referendum measures as indicating "a policy of resolving any doubts in the scope of the initiative or referendum in a manner that avoids interference with a local legislative body's responsibilities for fiscal management." (*Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 143 [130 Cal.Rptr. 465, 550 P.2d 1001].)

For instance, in *Dare* v. *Lakeport City Council, supra,* 12 Cal.App.3d 864, this court invalidated an initiative petition which sought to amend a city ordinance by adding provisions fixing the maintenance fees to be charged domestic and commercial users of a sewer system: "The imposition

---

[4]Application of these public policy considerations were found to invalidate an initiative in *Campen* v. *Greiner, supra,* 15 Cal.App.3d 836. There a proposed initiative measure sought to repeal a city utility users' tax and to prohibit the city council from imposing or collecting such a tax in the future without a vote of the people. Relying on *Simpson* v. *Hite, supra,* 36 Cal.2d 125, the Court of Appeal held the initiative invalid in that its inevitable effect would be to greatly impair or wholly destroy the efficacy of the city government's power to tax for revenue purposes. (*Campen* v. *Greiner, supra,* 15 Cal.App.3d at p. 843.)

and collection of fees for the use of the facilities of Lakeport Municipal Sewer District No. 1 must reasonably be considered a taxation function. 'Taxes' are defined as burdens imposed by legislative power on persons or property to raise money for public purposes." (*Id.*, at p. 868.)

Again, in *Myers* v. *City Council of Pismo Beach, supra,* 241 Cal.App.2d at page 244, the Court of Appeal invalidated an initiative to repeal a city ordinance imposing a room occupancy tax: "Such a proposed initiative ordinance, even if approved by a vote of the electors, cannot be used as a means of tying the hands of the city council and depriving it of the right and duty to exercise its discretionary power in a taxation matter such as is here involved."

Similarly, in the recent case of *City of Atascadero* v. *Daly, supra,* 135 Cal.App.3d 466, the Court of Appeal invalidated an initiative ordinance analogous to the one at hand. There, the initiative ordinance provided that "[a]ny device" defined as "fees, charges, service charges, levies and assessments of every sort whatsoever" which has as its purpose "in whole or in part the imposition or increase of a source of revenue shall be deemed a special tax subject to the provisions of Article XIII A Section 4 of the California Constitution." It also provided that "[n]o fee, levy or charge in existence on the effective date of this ordinance shall be imposed on any person not otherwise subject to the payment of said fee, levy or charge prior to the effective date of the ordinance." As succinctly summarized by the Court of Appeal: "The proposed ordinance, stripped of its legal verbiage, would have required the City to submit any revenue-raising measure to the voters for their approval before the measure could be implemented. [Fn. omitted.]" (At pp. 468-469.)

First the Court of Appeal found the initiative invalid in that it attempted to define the words " 'special tax' " within article XIII A, section 4, in contradiction to definitions already set forth by the California Supreme Court in *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47, and by the Legislature in Government Code section 50076: "The ordinance, which seeks to make its own interpretation of the words 'special tax,' is therefore invalid as being in conflict with general laws." (*City of Atascadero* v. *Daly, supra,* 135 Cal.App.3d at p. 470.)

Next, the Court of Appeal found the proposed initiative to be an invalid use of the initiative procedure: "The proposed ordinance is invalid for an additional reason: it is an unlawful attempt to impair essential governmental functions through interference with the administration of the City's fiscal powers. (*Geiger* v. *Board of Supervisors* (1957) 48 Cal.2d 832, 839-840. . . .) [¶] An initiative is not available as a device to curtail the taxing

power. Thus, in *Myers* v. *City Council of Pismo Beach* (1966) 241 Cal.App.2d 237 . . ., an initiative to repeal a city ordinance imposing a room occupancy tax was stricken from the ballot. The court stated: 'Such a proposed initiative ordinance, even if approved by a vote of the electors, cannot be used as a means of tying the hands of the city council and depriving it of the right and duty to exercise its discretionary power in a taxation matter such as is here involved.' (At p. 244; accord *Campen* v. *Greiner* (1971) 15 Cal.App.3d 836, 843 . . .; *Dare* v. *Lakeport City Council* (1970) 12 Cal.App.3d 864, 867-868 . . . .)'' (*City of Atascadero* v. *Daly, supra,* 135 Cal.App.3d at p. 470.)

There are no distinctions of legal significance between the ordinance invalidated in *City of Atascadero* and the one before this court.

The judgment is affirmed.

Caldecott, P. J., and Cook, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.