[No. A047390. First Dist., Div. Four. Aug. 29, 1990.]

LOWELL COHN et al., Plaintiffs and Appellants, v.
CITY OF OAKLAND et al., Defendants and Respondents.

COUNSEL

Wilson, Sher, Marshall & Peterson, Alice L. Akawie and Timothy F. O'Leary for Plaintiffs and Appellants.

Jayne W. Williams, City Attorney, Joyce M. Hicks, Assistant City Attorney, Richard J. Moore, County Counsel, Gladys M. Houston, Deputy County Counsel, Howard, Rice, Nemerovski, Canady, Robertson & Falk, Jerome B. Falk, Jr., Peter J. Busch and Richard A. Marcantonio for Defendants and Respondents.

OPINION

**PERLEY, J.**—Plaintiffs and appellants Lowell Cohn and Dawn Cohn (Cohn) appeal from a summary judgment granting a declaratory judgment to defendants and respondents City of Oakland and Rene C. Davidson (Oakland) on the ground that Oakland's increase of a real estate transfer tax from 0.75 percent to 0.95 percent was not barred by article XIII A of the California Constitution.

Cohn contends that the transfer tax is invalidated by article XIII A, formerly known as Proposition 13. We affirm the judgment.

STATEMENT OF THE CASE AND FACTS

The instant action arose from a complaint for declaratory relief filed by Cohn which sought a refund of $265 paid under the above-described tax law and a declaration that the tax violated article XIII and was therefore invalid. A motion for summary judgment filed by Cohn was denied by the superior court. Cohn requested reversal of the superior court in a petition for a writ of mandate. The petition was denied by an order of this court per Presiding Justice Anderson, Justice Channell, and Justice Perley. A petition for review was denied by the Supreme Court. Oakland then filed a motion for summary judgment which was granted. This appeal followed.

It is undisputed that the tax involved in the instant case was enacted after article XIII A was passed by the voters and that moneys collected under the tax go into the general fund.

DISCUSSION

■ Cohn contends that section 4 of article XIII A prohibits the increase in the transfer tax. This contention lacks merit.

Article XIII A, section 1, sets the maximum amount allowed for any ad valorem tax on real property. Section 2 regulates the valuation of real property for tax purposes. Section 3 provides: "From and after the effective date of this article, any changes in State taxes enacted for the purpose of increasing revenues collected pursuant thereto whether by increased rates or changes in methods of computation must be imposed by an Act passed by not less than two-thirds of all members elected to each of the two houses of the Legislature, except that no new ad valorem taxes on real property, or sales or transaction taxes on the sales of real property may be imposed." Section 4 provides: "Cities, Counties and special districts, by a two-thirds vote of the qualified electors of such district, may impose special taxes on such district, except ad valorem taxes on real property or a transaction tax or sales tax on the sale of real property within such City, County or special district."

In *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47 [184 Cal.Rptr. 713, 648 P.2d 935], the issue before the Supreme Court was whether certain increases in payroll and gross receipts taxes were invalidated by section 4 because they were enacted by a simple majority rather than two-thirds of the voters. The court held that section 4 only applied to "special taxes" and not to all taxes by cities and counties. (*Id.* at p. 51.) Special taxes were defined as "taxes which are levied for a specific purpose rather than, as in the present case, a levy placed in the general fund to be utilized for general governmental purposes." (*Id.* at p. 57.) Section 4 is ambiguous and imprecise. It was strictly interpreted because the two-thirds requirement is inherently undemocratic and the section prevents the majority of citizens from taxing themselves to benefit local programs. (*Id.* at p. 52.)

*City of Atascadero* v. *Daly* (1982) 135 Cal.App.3d 466, 470 [185 Cal.Rptr. 228], held that "the words 'special tax' as they are used in article XIII A, section 4 of the California Constitution . . . have been authoritatively defined by our Supreme Court in *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47." In *Heckendorn* v. *City of San Marino* (1986) 42 Cal.3d 481, 486, 489 [229 Cal.Rptr. 324, 723 P.2d 64], the Supreme Court reaffirmed its holding in *Farrell* and interpreted the portion of section 4 which is in issue herein as follows: "Section 4 also prohibits the imposition of a special tax that is an ad valorem tax on real property." (*Id.* at p. 486; see also *Los Angeles County Transportation Com.* v. *Richmond* (1982) 31 Cal.3d 197, 205 [182 Cal.Rptr. 324, 643 P.2d 941].)

Accordingly, we conclude that increase of the transfer tax in issue was not prohibited by article XIII A because it was a general tax.

Underlying much of Cohn's briefs is an argument that is satisfactorily addressed by *Fenton* v. *City of Delano* (1984) 162 Cal.App.3d 400, 408 [208 Cal.Rptr. 486], as follows: "Appellants argue that '[a] broad reading of the *Farrel* [*sic*] case . . . would totally destroy Proposition 13,' suggesting that cities could always compensate for limited property taxes by enacting 'general fund' taxes of the kind in *Farrell* and in the present case. This possibility appears to have been recognized and addressed in *Farrell*; that court nonetheless found that strict adherence to the terms of article XIII A should be the paramount goal. We do not question the Supreme Court's decision on this issue."

CONCLUSION

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 15, 1990. Eagleson, J., and Arabian, J., were of the opinion that the petition should be granted.