[No. B014109. Second Dist., Div. Four. Aug. 8, 1986.]

REFERENDUM COMMITTEE OF HERMOSA BEACH,
Plaintiff and Respondent, v.
CITY OF HERMOSA BEACH et al., Defendants and Appellants;
GREENWOOD/LANGLOIS, Real Party in Interest and Appellant.

COUNSEL

James P. Lough and Ochoa & Sillas for Defendants and Appellants.

Manatt, Phelps, Rothenberg, Tunney & Phillips, Robert E. Hinerfeld, John T. Thornton, Kristine Blackwood and Paul J. Hall for Real Party in Interest and Appellant.

Sheila Donahue Miller and Kathryn Dunaway for Plaintiff and Respondent.

## OPINION

McCLOSKY, J.—Defendants City of Hermosa Beach, City Council of the City of Hermosa Beach, Office of the City Clerk of the City of Hermosa Beach, Kathleen Reviczky, City Clerk of the City of Hermosa Beach (collectively city appellants) and real party in interest Greenwood/Langlois (Greenwood), a general partnership, erroneously sued as Greenwood and Langlois, appeal from a judgment dated May 17, 1985, in favor of the plaintiff and respondent Referendum Committee of Hermosa Beach and from a peremptory writ of mandate issued May 17, 1985, commanding Kathleen Reviczky, City Clerk of the City of Hermosa Beach and City of Hermosa Beach not to hold the special initiative municipal election set for June 11, 1985.

### CONTENTIONS

City appellants contend that (1) "[t]he plain reading of the initiative article and its underlying purposes require that the initiative election of June 11, 1985 be considered a valid exercise of municipal powers"; (2) "[t]he initiative placed before the voters of the City of Hermosa Beach on June 11, 1985 was not the same ordinance as the one previously subject to the referendum held within the last year"; (3) "[t]he trial court ruled to improperly halt the June 11, 1985 initiative election without a required finding of unconstitutionality or that it was clearly beyond question that the initiative was void"; and (4) "respondents' failure to file a replication to the reply (answer) of appellant require that affirmative allegations be deemed admitted."

Greenwood contends: (1) "The statute prescribing the maximum frequency of special elections for initiatives on the same subject does not pertain to an initiative election following a referendum . . . . [¶] (2) If the statutes are construed as the court below read them, then this Court must

determine serious constitutional issues. [¶] (3) Sections 4014 and 4057 are constitutionally invalid as construed and applied below, because: (i) these stateutes [*sic*] do not facilitate the powers of initiative and referendum but abridge them: one is forfeit when the other is exercised (pages 43-44), and (ii) these statutes discriminate against the voters' power of initiative by subordinating that power to the city council's power to enact legislation, i.e., the City Council could legislate when the voters could not do so by initiative.''

Referendum Committee contends that (1) ''[t]he initiative Special Election of June 11, 1984 was improperly called. The Elections Code[1] prohibits an initiative special election from being called, if a referendum special election, . . . has been called within the previous 12 months''; (2A) ''[t]he trial court's decision prevents the two processes from nullifying each other''; (2B) ''[n]either the city council nor the voters could enact an ordinance which is essentially the same as an ordinance repealed by referendum''; and (3) ''[t]here was substantial evidence to support the trial court's finding that the initiative placed before the voters was the same ordinance as the one previously subjected to the referendum held within the last year.''

### STATEMENT OF THE CASE

On April 19, 1985, Referendum Committee filed a complaint against city appellants for declaratory relief, temporary restraining order, preliminary injunction and for writ of mandate, alleging that the city had improperly placed an initiative dealing with city ordinance No. 85-790 (initiative) on a special election ballot set for June 11, 1985. The Referendum Committee alleged that since that initiative dealt with the same subject matter that had been addressed in a referendum approved by the voters of Hermosa Beach on December 11, 1984, a date less than 12 months before, and the city appellants had thereby violated sections 4014, 4055.

On the same date, April 19, 1985, the Referendum Committee also filed an order to show cause for preliminary injunction as to why a peremptory writ of mandate should not issue and for a temporary restraining order.

The trial court denied Referendum Committee's application for a temporary restraining order, treated the complaint as a petition for a writ of mandate and set a hearing on May 14, 1985, on an order to show cause why a peremptory writ should not issue preventing the proposed special election of June 11, 1985. At the May 14, 1985, hearing the trial court ruled that it would, at that time, consider only the question of the propriety

---

[1]All statutory references are to the Elections Code unless otherwise expressly noted.

of the special election of June 11, 1985, and the issues relating thereto, severing the issue of another petition filed in the same case.

On April 29, 1985, Greenwood and city appellants filed separate answers to that petition for writ of mandate. The Referendum Committee did not, however, file a replication to the answers filed by Greenwood and the city appellants although all had raised affirmative defenses in their answers, including the defense that the Referendum Committee had failed to exhaust its administrative remedies with the city and was thus barred from prevailing on its petition for a writ preventing the June 11, 1985, election.

Timely notices of appeal were filed on May 17, 1985. The election was held on June 11, 1985.[2]

## STATEMENT OF FACTS

In July 1984, the City Council of Hermosa Beach, a general law city, enacted an ordinance authorizing the city to enter into a development agreement and ground lease with Greenwood for the construction of a hotel, conference center and parking garage on city owned property in Hermosa Beach.

The Referendum Committee, a group of Hermosa Beach voters, then gathered a sufficient number of signatures and filed a timely referendum petition which suspended the effect of the ordinance.

The City Council of Hermosa Beach thereupon set a special referendum election on December 11, 1984, at which election the voters defeated the ordinance. Greenwood and the city then redesigned the project physically and financially. The city council voted to call a special election on June 11, 1985, asking the voters to decide by initiative whether the city should enter into the revised agreement, with Greenwood required to bear the costs of the election.

On May 14, 1985, the trial court ruled that section 4014[3] barred the then upcoming election and explained: "I think you have to read all of the code

---

[2]Greenwood also requests us to take judicial notice, pursuant to Evidence Code section 452, of the September 18, 1985, minute order in the Los Angeles Superior Court entitled "Escalante v. City of Hermos [sic] Beach et al.," No. C556815, now pending on appeal in Division Three of this court (No. B017453). We decline to do so as nothing in that minute order is relevant to the determination of this appeal.

[3]Section 4014 provides: "Any number of proposed ordinances may be voted upon at the same election, but the same subject matter shall not be voted upon twice within any 12-month period at a special election under the provisions of this article."

sections in their entirety, and I have no doubt, as a matter of law, that whether it's initiative versus initiative or referendum versus referendum or initiative versus referendum, that the one-year provision does apply."

## DISCUSSION

■ ■ ■ ■ The initiative and referendum powers of the people are reserved to them by the Constitution of the State of California (Cal. Const., art. II, §§ 8, 9 and 11).[4] Each allows the voters of the state to bypass the law making power of their elective legislative bodies.

■ The difference between the two were explained in *Whitmore* v. *Carr* (1934) 2 Cal.App.2d 590, 592-593 [38 P.2d 802], as follows: "This power of referendum is the right reserved to the people to adopt or reject any act or measure which has been passed by a legislative body, and which, in most cases, would without action on the part of the electors become a law. This power of referendum, as well as that of the initiative, is reserved by section 1 of article IV of the Constitution, to the people of each city and town in the state, . . .

". . . . . . . . . . . . . . . . . . . . . . . . . .

"Enactment is not a quality of the referendum. It comes from the exercise of the power of the initiative by the electorate, . . . The referendum is limited in its operation to the adoption or rejection of legislation already enacted by a legislative body, and in the absence of such prior enactment there can be neither 'repeal and rejection', to use the terms of the charter provision, nor adoption by the electorate."

The referendum process allows the voters to veto statutes and ordinances enacted by their elected legislative bodies before those laws become effective. (*American Federation of Labor* v. *Eu* (1984) 36 Cal.3d 687, 713-714 [206 Cal.Rptr. 89, 686 P.2d 609].) Referenda do not enact law and may not address certain subjects. In contrast, the electorate may legislate on any

---

[4]California Constitution, article II, section 8, subdivision (a), provides: "The initiative is the power of the electors to propose statutes and amendments to the Constitution and to adopt or reject them."

California Constitution, article II, section 9, subdivision (a), provides: "The referendum is the power of the electors to approve or reject statutes or parts of statutes except urgency statutes, statutes calling elections, and statutes providing for tax levies or appropriations for usual current expenses of the State."

California Constitution, article II, section 11, vests in general law cities the state-wide initiative and referendum powers. (*Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 591-592 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038]; *Dye* v. *Council of the City of Compton* (1947) 80 Cal.App.2d 486, 489 [182 P.2d 623].)

subject by initiative. (*Carlson* v. *Cory* (1983) 139 Cal.App.3d 724, 728, 730-731 [189 Cal.Rptr. 185].)

In the case before us the city council, pursuant to the provisions of section 4017[5] submitted the initiative measure to the voters in a special election scheduled to take place some six months after the voters had, by referendum, rejected the prior ordinance.

Articles I and II of chapter 3 of division 5 of the Elections Code contain the legislation enacted to implement the initiative and referendum processes at the municipal level for general law cities (§§ 4000-4061). We have already seen that section 4014 provides, in pertinent part, that "the same subject matter shall not be voted upon twice within any 12-month period at a special election under the provisions of this article."

We do not decide whether the trial court was right in holding that the special initiative election dealt with the same subject matter as the special referendum election because we conclude for the reasons stated below that the trial court erred in ordering the issuance of a writ commanding the city appellants not to hold the special election of June 11, 1985.

*Does Section 4014 Apply Only to Successive Initiative Elections Held Within 12 Months of Each Other?*

City appellants contend that section 4014 applies only to initiative special elections held within 12 months of each other and not to the case of a special referendum election followed by a special initiative election on the same subject matter. We shall agree.

The trial court, discerning what it conceived to be a strong legislative policy against having successive referendum and initiative matters on the same subject matter voted on twice in special elections held within a 12-month period, stated: "In light of the legislative policy of not having ballot measures voted on twice, I think the cases, mostly the statewide cases, *Legislature* v. *Deukmejian* and others are not apt on this score, because they don't involve what I think to be a strong policy of repetitious voting on the same subject."

---

[5]Section 4017 provides: "The legislative body of the city may submit to the voters, without a petition therefor, a proposition for the repeal, amendment, or enactment of any ordinance, to be voted upon at any succeeding regular or special city election, and if the proposition submitted receives a majority of the votes cast on it at the election, the ordinance shall be repealed, amended or enacted accordingly. A proposition may be submitted, or a special election may be called for the purpose of voting on a proposition, by ordinance or resolution."

In part of its oral statement of decision the trial court also stated: "I think you have read all of the code sections in their entirety, and I have no doubt, as a matter of law, that whether it's initiative versus initiative or referendum versus referendum or initiative versus referendum, that the one-year provision does apply."

The court then gave judgment in favor of the Referendum Committee, ordering the issuance of a writ commanding the city appellants not to hold the special election of June 11, 1985.

In ruling as it did, the trial court sought to prevent successive special initiative or referendum elections, or any admixture of them on the same subject matter within any 12-month period, by construing together and harmonizing sections 4014, 4055 and 4057, found in two different articles of chapter 3 of division 5 of the Elections Code.

"In construing a statute 'we begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law."'" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) 'An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.' (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 604 [45 Cal.Rptr. 512]; *Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at p. 230.) Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1]; *Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) '*If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.*' (*People* v. *Knowles, supra,* 35 Cal.2d at p. 183; *Rich* v. *State Board of Optometry, supra,* 235 Cal.App.2d at p. 604.)" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; italics added.)

"'It is a settled principle in California law that "When statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." [Citations.]' Thus 'We have declined to follow the plain meaning of a statute only when it would inevitably have frustrated the manifest purpose of the legislation as a whole or led to absurd results. [Citations.]'" (*Atlantic Richfield Co.* v. *Workers' Comp. Appeals Bd.* (1982) 31 Cal.3d 715, 726 [182 Cal.Rptr. 778, 644 P.2d 1257].)

 Elections of noncharter municipalities on initiatives are governed by article I (§§ 4000-4021), chapter 3 of division 5 of the Elections Code; elections on referendums are governed by article II (§§ 4050-4061) of chapter 3 of division 5 of the Elections Code. Sections 4014, 4055 and 4057 are unambiguous and require no construction. Nor does giving effect to the plain language of those statutes frustrate the manifest purpose of the legislation or lead to absurd results since the distinction between referenda and initiatives is clear and purposeful.

Section 4014 standing alone in article I, the initiative article, clearly relates *only* to successive special initiative elections held "under the provisions of this article [i.e. the initiative article, article I]," and not to an admixture of the initiative and referendum processes.

But section 4014 does not stand alone and that gives rise to the problem we deal with here. At all times pertinent to the resolution of this matter section 4057 has provided: "Elections, pursuant to this article [i.e., article II, the referendum article], shall be held in accordance with the provisions of Sections 4013 to 4020, inclusive."

The language of section 4057 is neither unclear nor ambiguous. In engrafts on referendum elections the *procedural* provisions of sections 4013 to 4020 of article I. Nowhere within the four corners of the applicable statutes do they or any of them provide that a special referendum election may not be followed within a twelve-month period by a special initiative election. Moreover, nowhere in the legislative history of section 4057 is there an indication of such a legislative intent.

In enacting the antecedent statute to section 4014, and in enacting section 4014 itself, the Legislature expressed such an intent with respect to successive special initiative elections. In enacting section 4057, the Legislature expressed a similar intent with respect to referendums, but not to an admixture of these two different processes.

We, therefore, agree with city appellants' contention that there is no legislatively expressed policy or legislative proscription against having a special referendum election followed by a special initiative election on the same subject matter within a 12-month period. Obviously such a proscription would seem the better part of wisdom but the wisdom of legislation is not a matter for the courts to determine. We may not, by supplying words that do not exist in the statutes, extend the legislative enactments to cover the situation presented in this case. That is especially important in this case where to do so would infringe upon the electorate's reserved power to legislate directly.

Yet Referendum Committee contends that "[t]he assertion that the legislature wished to prohibit successive referendum-initiative elections on the same subject matter is buttressed by section 4055, . . ." We disagree.

In pertinent part section 4055 provides: "If the legislative body repeals the ordinance or submits the ordinance to the voters and a majority of the voters voting on the ordinance do not vote in favor of it, the ordinance shall not again be enacted by the legislative body for a period of one year after the date of its repeal by the legislative body or disapproval by the voters."

The Referendum Committee's contention overlooks the vital difference between the power of a city council to act and the power of the electorate of a city to act. *Reagan* v. *City of Sausalito* (1962) 210 Cal.App.2d 618, 630-631 [26 Cal.Rptr. 775] and *Martin* v. *Smith* (1959) 176 Cal.App.2d 115 [1 Cal.Rptr. 307], cited in support of the Referendum Committee's position, address only the power of a city's legislative body to respond to a successful referendum, not to the constitutionally reserved power of the electorate to legislate by initiative.

"'It is clear that the constitutional right reserved by the people to submit legislative questions to a direct vote cannot be abridged by any procedural requirements.'" (*Associated Home Builders etc., Inc.* v. *City of Livermore, supra,* 18 Cal.3d 582, 592.)

In that case our Supreme Court stated, at pages 591-592, that the initiative and referendum provisions of the Constitution were "[d]rafted in light of the theory that all power of government ultimately resides in the people, the amendment speaks of the initiative and referendum, not as a right granted the people, but as a power reserved by them [fn. omitted]. Declaring it 'the duty of the courts to jealously guard this right of the people' (*Martin* v. *Smith* (1959) 176 Cal.App.2d 115, 117 . . .), the courts have described the initiative and referendum as articulating 'one of the most precious rights of our democratic process.' [Citation omitted.] '[I]t has long been our judicial policy to apply a liberal construction to this power wherever it is challenged in order that the right be not improperly annulled. *If doubts can reasonably be resolved in favor of the use of this reserve power, courts will preserve it.*' [Citations omitted.] [¶] The 1911 amendment, in reserving the right of initiative to electors of counties and cities, authorized the Legislature to establish *procedures to facilitate* the exercise of that right. [Fn. omitted.] Accordingly the Legislature enacted statutes, now codified as sections 4000-4023 of the Election Code, providing for the circulation of petitions, the calling of elections, and other procedures required to enact an initiative measure." (Italics added.)

The California Supreme Court had previously held in *Hurst* v. *City of Burlingame* (1929) 207 Cal. 134 [277 P. 308], that statutes requiring notice and hearing to precede enactment of municipal zoning and land use ordinances also applied to initiatives. That holding effectively denied voters of general law cities the power to enact such legislation by initiatives. In becoming more protective of the people's right of initiative and referendum, the California Supreme Court held in *Associated Home Builders etc., Inc.* v. *City of Livermore, supra,* 18 Cal.3d at page 588, that "*Hurst* was incorrectly decided; the statutory notice and hearing provisions govern only ordinances enacted by city council action and do not limit the power of municipal electors, reserved to them by the state Constitution, to enact legislation by initiative."

Our resolution of the foregoing contentions is dispositive. We, therefore, need not and do not discuss the other contentions raised by the parties.

The judgment is reversed. Each party is to bear its own costs on appeal.

Woods, P. J., and Kingsley, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 23, 1986.