[No. F014631. Fifth Dist. May 29, 1991.]

CITY OF WOODLAKE, Plaintiff and Appellant, v.
THOMAS C. LOGAN, as County Auditor, etc., Defendant and
Respondent.

**COUNSEL**

McCormick, Kabot, Michner & Foley, Walter K. McCormick and S. L. Kabot for Plaintiff and Appellant.

James K. Hahn, City Attorney (Los Angeles), Richard A. Dawson, Assistant City Attorney, Michael L. Klekner, Deputy City Attorney, Jerome F. Coleman, City Attorney (Burlingame), Thomas Haas, City Attorney (Walnut

Creek), Paul Valle-Riestra, Assistant City Attorney, Robert K. Booth, Jr., City Attorney (Los Altos), Michael F. Dean, City Attorney (Roseville), John L. Cook, City Attorney (Napa), Brian M. Libow, City Attorney (San Pablo), Jeffrey G. Jorgensen, City Attorney (San Luis Obispo), Carol B. Tanenbaum, City Attorney (Placentia), Jeffrey A. Walter, City/Town Attorney (Martinez, Benicia, Cotati and Corte Madera), Maurice F. O'Shea, City Attorney (Paramount, Bellflower and Hawaiian Gardens), and Thomas W. Allen, City Attorney (Los Alamitos and Stanton), as Amici Curiae on behalf of Plaintiff and Appellant.

Lita O'Neill Blatner, County Counsel, Robert L. Felts, Assistant County Counsel, and James G. Line, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**THAXTER, J.**—We declare the unconstitutionality of the voter approval requirement for local general tax enactments adopted by the electorate as part of a statewide statutory initiative (Proposition 62) in the November 1986 General Election and codified as Government Code[1] sections 53723 and 53724. We further decide that the enforcement provisions codified in section 53728, reducing a local government's share of property taxes on a dollar-for-dollar basis for general taxes enacted and collected without voter approval, cannot withstand constitutional scrutiny. As a result, the City of Woodlake's general utility users tax was validly enacted and the County of Tulare is improperly withholding property taxes from the city to offset the utility tax.

### FACTS

The facts were stipulated to by the parties and are not in dispute. Appellant City of Woodlake is a general law city. Its city council enacted by unanimous vote on May 22, 1989, a general utility tax on electrical power, gas, telephone, and cable television service supplied and consumed within the city. The tax was levied to benefit the general fund of the city. The tax became effective 30 days after adoption and was not submitted to the voters for approval or rejection in accordance with sections 53723 and 53724.

Respondent Thomas C. Logan is the auditor of Tulare County and named in his official capacity. Because the tax enacted by Woodlake was not

---

[1] All statutory references are to the Government Code unless otherwise indicated.

submitted to the voters for approval or rejection as mandated by sections 53723 and 53724, Logan withheld and continues to withhold pursuant to section 53728 a portion of Woodlake's share of the general property taxes collected by Tulare County. Section 53728 is the enforcement provision of Proposition 62.

Woodlake filed a petition for writ of mandate and complaint for declaratory relief seeking release of the property taxes withheld and challenging the constitutionality of sections 53723, 53724, and 53728. After the respondent answered, the parties filed cross-motions for summary judgment.

The trial court concluded that Proposition 62, insofar as it applies to Woodlake's utility tax, is constitutional and granted judgment in favor of respondent. Woodlake appeals. Several other cities have joined in an amicus brief in support of Woodlake's position.

## DISCUSSION

## I. CONSTITUTIONALITY OF SECTIONS 53723 AND 53724

### A. *Constitutional Source of and Limitations on Referendum Power.*

■■■ Article II, section 9, subdivision (a) of the California Constitution reserves to citizens of this state the power of referendum as follows:

"The referendum is the power of the electors to approve or reject statutes or parts of statutes *except* urgency statutes, statutes calling elections, and *statutes providing for tax levies or appropriations* for usual current expenses of the State." (Italics added.)

■■■■■ Article II, section 11 grants initiative and referendum powers[2] to the electors of each city or county under procedures provided by the state Legislature. The power of referendum is thus of constitutional origin for both the state and local electors. The local power of referendum stands independent of legislative action. (*Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 591-592 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].) ■■ The constitutional exemption of certain statutes from the referendum powers extends to local governments. (*Geiger* v. *Board*

---

[2] "Referendum" is the right of the electorate to have an act or law passed by the legislative body submitted to them for approval or rejection under prescribed conditions. (Black's Law Dict. (5th ed. 1979) p. 1152, col. 1.)

"Initiative" is legislation by the electoral process. It is the power of the electorate to propose bills and laws and to enact or reject them at the polls. (Black's Law Dict. (5th ed. 1979) p. 705, col. 1.)

*of Supervisors* (1957) 48 Cal.2d 832, 836 [313 P.2d 545]; *Fenton* v. *City of Delano* (1984) 162 Cal.App.3d 400, 405-406 [208 Cal.Rptr. 486]; *Community Health Assn.* v. *Board of Supervisors* (1983) 146 Cal.App.3d 990, 993 [194 Cal.Rptr. 557] and cases cited therein.)

The listing of exemptions in article II, section 9 of the California Constitution is a statement of policy by the people against subjecting legislation concerning taxes and the other excepted matters to the vote of the people. (*Geiger* v. *Board of Supervisors, supra*, 48 Cal.2d at pp. 836-837.)

"One of the primary reasons the Constitution exempts acts providing for tax levies or appropriations for the current usual expenses of the state from referendum or initiative power is to 'prevent disruption of its operations by interference with the administration of its fiscal powers and policies.' [Citation omitted.]" (*Community Health Assn.* v. *Board of Supervisors, supra*, 146 Cal.App.3d at p. 994.)

The referendum process may not be used to attack or nullify a tax ordinance of a city or county under article II, sections 9 and 11. (See *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 143 [130 Cal.Rptr. 465, 550 P.2d 1001]; *City of Westminster* v. *County of Orange* (1988) 204 Cal.App.3d 623, 627 [251 Cal.Rptr. 511]; *Fenton* v. *City of Delano, supra*, 162 Cal.App.3d at p. 405; *Community Health Assn.* v. *Board of Supervisors, supra*, 146 Cal.App.3d at pp. 994-996; *City of Atascadero* v. *Daly* (1982) 135 Cal.App.3d 466, 470 [185 Cal.Rptr. 228].)

It is also not permissible to achieve a prohibited purpose by disguising as an initiative a referendum addressing exempted matters. (*Dare* v. *Lakeport City Council* (1970) 12 Cal.App.3d 864, 867 [91 Cal.Rptr. 124]; *Myers* v. *City Council of Pismo Beach* (1966) 241 Cal.App.2d 237, 243-244 [50 Cal.Rptr. 402].) "A proposed initiative ordinance cannot be used as an indirect or backhanded technique to invoke the referendum process against a tax ordinance of a general law city . . . ." (*Id.* at p. 243.) "That which the electors have no power to do directly, they obviously cannot do indirectly." (*Dare* v. *Lakeport City Council, supra*, 12 Cal.App.3d at p. 868.)

B. *Proposition 62.*

Proposition 62, a statewide statutory initiative, was approved by California voters in the November 1986 General Election. The initiative was sponsored by the California Tax Reduction Movement and added sections 53720 through 53730 to the Government Code. ■ The intent of the proposition was to give the local electorate a greater degree of control over the exercise of local taxing power with the obvious goal of reducing the tax

burden. (*City of Westminster* v. *County of Orange, supra,* 204 Cal.App.3d at pp. 626, 635-638.) Section 53723 prohibits a local government from imposing any general tax unless and until such tax is submitted to the electorate of the local government for approval by majority vote.[3] Section 53724 sets forth the procedure by which the ratification process required by both sections 53722[4] and 53723 is to occur.[5]

The "window period" tax provision of Proposition 62, codified as section 53727, subdivision (b), was directly challenged and found to be constitutionally invalid in *City of Westminster* v. *County of Orange, supra,* 204 Cal.App.3d at pages 628-631. The *Westminster* court held the severability clause within the proposition, now located in section 53730, saved the remaining provisions. (*Id.* at pp. 631-633.)

*C. Sections 53723 and 53724 Require Unconstitutional Referendums on Local General Tax Enactments.*

 Appellant contends section 53723 and the relevant portions of section 53724 impose a constitutionally impermissible referendum requirement on the taxing power of local government. We agree.

---

[3]Section 53723 is as follows: "No local government, or district, whether or not authorized to levy a property tax, may impose any general tax unless and until such general tax is submitted to the electorate of the local government, or district and approved by a majority vote of the voters voting in an election on the issue."

[4]The parties stipulated that the City of Woodlake's utility tax is a general tax. Thus, section 53722 and article XIII A, section 4, of the California Constitution, requiring a two-thirds vote of local electors for ratification of special taxes, are not involved here.

[5]Section 53724 is as follows: "(a) A tax subject to the vote requirements prescribed by Section 53722 or Section 53723 shall be proposed by an ordinance or resolution of the legislative body of the local government or district. The ordinance or resolution proposing such tax shall include the type of tax and rate of tax to be levied, the method of collection, the date upon which an election shall be held on the issue, and, if a special tax, the purpose or service for which its imposition is sought.

"(b) No tax subject to the vote requirement prescribed by Section 53723 shall be presented at an election unless the ordinance or resolution proposing such tax is approved by a two-thirds vote of all members of the legislative body of the local government or district.

"(c) Except as provided in subdivision (d), the election on any tax proposed pursuant to this Article shall be consolidated with a statewide primary election, a statewide general election, or a regularly scheduled local election at which all of the electors of the local government or district are entitled to vote.

"(d) Notwithstanding subdivision (c), the legislative body of the local government or district may provide that the election on any tax proposed pursuant to this Article shall be held at any date otherwise permitted by law. The local government or district shall bear the cost of any election held pursuant to this subdivision. An election held pursuant to this subdivision shall be deemed at the request of the local government or district calling such election, and shall not be deemed a state mandate.

"(e) The revenues from any special tax shall be used only for the purpose or service for which it was imposed, and for no other purpose whatsoever."

Despite the wealth of authority holding referendum power may not be used to curtail the power to tax at either the state or local levels, respondent argues these well-accepted principles do not govern in the instant case. Respondent advances two contentions.

First, respondent contends sections 53723 and 53724 do not invoke the referendum power. According to respondent, the initiative (Proposition 62) merely restricts the general power of taxing authority granted by the state Legislature pursuant to article XIII, section 24—something, respondent argues, the Legislature itself could do. ▮▮▮ The initiative process allows the people to enact statutes in the same manner as the Legislature and is not restricted in subject matter. (*Legislature* v. *Deukmejian* (1983) 34 Cal.3d 658, 675 [194 Cal.Rptr. 781, 669 P.2d 17]; *Referendum Committee* v. *City of Hermosa Beach* (1986) 184 Cal.App.3d 152, 157-158 [229 Cal.Rptr. 51]; *Campen* v. *Greiner* (1971) 15 Cal.App.3d 836, 841 [93 Cal.Rptr. 525].)

▮▮▮ The power of a local government to tax is not inherent. The power is derived from the Constitution upon authorization by the Legislature. (Art. XIII, § 24.) Section 37100.5 grants to local government the power to levy a general tax, which includes a utility tax, without voter approval. (*Fenton* v. *City of Delano, supra*, 162 Cal.App.3d at pp. 407-408.) Respondent contends Proposition 62 merely adds a condition (voter approval) to this general grant of authority. Accordingly, respondent concludes Proposition 62 did not adopt a referendum procedure for approval of local taxes at all. It is simply an *amendment* of the original grant of authority requiring "ratification" of local tax levies thereby creating a shared power to tax—shared by the local governing body and the local electors.

We reject this contention. ▮▮▮ By definition the referendum and initiative process is a sharing of the power to legislate. It is a reservation by the people of the legislative power granted government. (5 McQuillan, Municipal Corporations (3d ed. 1989) §§ 16.52-16.53, pp. 256-261.) Creatively recharacterizing the power as a joint grant of authority does not change the elemental nature of the power itself. The referendum is the reservation of power to speak to matters upon which the legislative body has acted, i.e., the right to adopt or reject any act or measure. The initiative is purer in form, but is also a sharing of this basic governmental power. It is the reservation of the power of the people to legislate directly without input from the legislative body. (*Ibid.*)

▮▮▮ Generally the referendum is triggered by petition of the voters in response to legislative enactment. (Elec. Code, § 4055.) Sections 53723 and 53724 bypass the need for petition by mandating automatic submission of tax measures to the voters. Nonetheless, the result is the same—approval or

rejection by the voters of a legislative enactment which would otherwise become law. (See *City of Westminster* v. *County of Orange, supra,* 204 Cal.App.3d at p. 637; *Referendum Committee* v. *City of Hermosa Beach, supra,* 184 Cal.App.3d at p. 157; *Whitmore* v. *Carr* (1934) 2 Cal.App.2d 590, 592-593 [38 P.2d 802]. See also 73 Ops.Cal.Atty.Gen. 111 (1990).) This is the very type of "indirect or backhanded technique" condemned in *Myers* v. *City Council of Pismo Beach, supra,* and *Dare* v. *Lakeport City Council, supra.*

Respondent's second contention is an offshoot of the first. Respondent claims because the power of local government to tax is one controlled by the Legislature statutorily, it can also be controlled by statutory initiative. According to respondent, if the Legislature has the authority to impose voter ratification procedures on taxes the Legislature levies, it may likewise condition local government's taxing power. Initially, we question respondent's premise that the Legislature has the power to impose voter ratification requirements on all of the Legislature's own tax enactments. Respondent cites no authority for this position. Irrespective of the correctness of the position, this is not the issue here. Proposition 62 is an attempt to circumvent the limitations of local referendum power *only*.

This court addressed the validity of an almost identical initiative in *City of Atascadero* v. *Daly, supra,* 135 Cal.App.3d 466. In *Atascadero* the challenge was to an initiative which would, if passed, require submission of any revenue-raising measure to the voters for approval, i.e., establishing a mandatory referendum mechanism. This court held the initiative was invalid because it defined "special tax" contrary to general law and because the initiative was an unlawful attempt to impair essential government function through interference with the administration of the city's fiscal powers. We ruled, without identifying the mandatory referendum procedure created as such, that the initiative power is not available as a device to curtail the taxing power. (*Id.* at p. 470.)

The authors of Proposition 62 attempted to avoid the constitutional restriction of referendum power in the same manner. Proposition 62 was designed as a statutory initiative which mandates local referendums on tax issues. It did not alter the constitutional restrictions placed on the referendum power nor could it.[6] The sole distinction between *Atascadero* and this case is that the initiative in *Atascadero* was a local one whereas Proposition 62 was a

---

[6]No one disputes that the people retain the right to change the constitutional reservation of referendum power by eliminating the expressed exemptions by constitutional amendment. The proponents of Proposition 62 clearly recognized the difference between a statutory initiative and a constitutional initiative. We granted the amici's request to judicially notice the

statewide initiative aimed at local government. Respondent argues the distinction is determinative. We disagree.

Respondent's argument ignores the constitutional origin of local referendum power. The real question presented by this issue is whether the Legislature may expand the referendum power by ignoring express restrictions appearing in the Constitution. The California Supreme Court has already answered this precise question negatively.

In *Geiger* v. *Board of Supervisors, supra,* 48 Cal.2d 832, Butte County enacted a sales and use tax ordinance authorized by a state statute. The county's voters presented to their board of supervisors a proper petition for referendum. The county refused to present the matter to the voters concluding the matter was not a proper subject for referendum. The state's highest court, interpreting then-section 1 of article IV[7] of the California Constitution, concluded the Legislature may not grant to county electors the power of referendum over tax levies or appropriations. The court prefaced its analysis by observing that the tax ordinance was not subject to referendum unless the Legislature has the authority to expand and extend the referendum powers reserved in the Constitution. Following this observation our Supreme Court stated:

"The listing of exceptions in the Constitution amounts to a declaration of policy against subjecting legislation concerning the excepted matters to a vote of the people. While section 1 of article IV does not expressly prohibit the Legislature from extending the right of referendum to include a county sales tax ordinance, any holding that such measures are subject to referendum would be contrary to this policy and against the clear implication of the constitutional provision. Section 1 is expressly made self-executing, and, in addition, the Legislature is empowered to enact legislation to facilitate its operation. It is obvious, however, that the authorization to adopt procedural regulations does not include the power to enact substantive measures which would extend the scope of the basic referendum right. There is no provision authorizing substantive changes, and we have concluded that it was not intended that the Legislature should have the power to extend or expand the scope of referendum." (48 Cal.2d at pp. 836-837.)

*Geiger* controls. We are bound to follow it under the doctrine espoused in *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20

---

Secretary of State's file concerning Proposition 62. The materials show that the proponents made an unsuccessful attempt to place Proposition 62 on the ballot for the November 1986 election as a proposed constitutional amendment.

[7]Article IV, section 1 has been revised and renumbered since *Geiger* was decided. However, the operative language of article II, sections 9 and 11 remains substantially the same as their predecessor.

Cal.Rptr. 321, 369 P.2d 937]. ■ Moreover, it has long been understood that the initiative and referendum power may not be used where " ' "the inevitable effect would be greatly to impair or wholly destroy the efficacy of some other governmental power . . . ." ' The power to tax for revenue purposes 'is probably the most vital and essential attribute of the government. Without such power it cannot function.' [Citations omitted.]" (*Campen* v. *Greiner, supra*, 15 Cal.App.3d at p. 843.)

Respondent cites authority that the people may use the initiative procedure to repeal a state tax law. (*Carlson* v. *Cory* (1983) 139 Cal.App.3d 724, 728 [189 Cal.Rptr. 185].) *Carlson* upheld repeal of the state inheritance tax by initiative. In so doing, the court acknowledged decisions invalidating initiative or referendum measures which repealed *local* taxes but held the same rule does not apply to statewide taxes. The *Carlson* court's conclusion that initiatives are unrestricted and thus what cannot be done by referendum may be done by initiative has not been followed in other districts, and the decision has been limited in later cases. (*City of Westminster* v. *County of Orange, supra*, 204 Cal.App.3d at p. 630; *Fenton* v. *City of Delano, supra*, 162 Cal.App.3d at pp. 405-407.)

Even if *Carlson* is correctly decided, it is not controlling here. Proposition 62 does not repeal an existing statewide tax. It mandates referendums to validate *future* local tax ordinances. It thus effectively ties the hands of local government with respect to future budget planning. Under *Geiger* this is constitutionally impermissible. If the proponents of Proposition 62 wish to accomplish this goal through use of referendum, they must achieve a constitutional amendment. Nothing else will suffice.

We close this discussion by paraphrasing observations of the Third Appellate District in *People's Advocate, Inc.* v. *Superior Court* (1986) 181 Cal.App.3d 316, 322 [226 Cal.Rptr. 640]. This case is not about whether the will of the people shall be heeded. Proposition 62 is not the only expression of popular sentiment we must consider and evaluate. The source of the California Constitution is also the people. Under our structure of government, the people themselves have made statutes, including initiative statutes, subordinate to the Constitution. We have been asked to consider two conflicting directives from the electorate: the provisions of Proposition 62 and the California Constitution itself. (*Ibid.*) The people have determined that the Constitution controls in such circumstances.

In summary, the respondent's contentions must fail because referendum is a reservation of shared authority to legislate which cannot be expanded beyond constitutional restrictions and because initiative attempts to create a

referendum process addressing tax levies or appropriations are constitutionally impermissible.

### D. *Article XIII, Section 24.*

Because we have concluded section 53723 and the related provisions of section 53724 violate article II, sections 9 and 11 of the state Constitution, we do not address appellant's additional contention that these sections also violate article XIII, section 24.

## II. CONSTITUTIONALITY OF SECTION 53728

■ Woodlake also challenges the constitutionality of section 53728, the penalty provision of Proposition 62. The section reads as follows:

"If any local government or district imposes any tax without complying with the requirements of this Article, or in excess of its authority as clarified by Section 53727, whether or not any provision of Section 53727 is held not applicable to such jurisdiction, the amount of property tax revenue allocated to the jurisdiction pursuant to Chapter 6 of part 0.5 of Division 1 of the Revenue and Taxation Code (commencing with Section 95) shall be reduced by one dollar ($1.00) for each one dollar ($1.00) of revenue attributable to such tax for each year that the tax is collected. Nothing in this section shall impair the right of any citizen or taxpayer to maintain any action to invalidate any tax imposed in violation of this Article."

The section is clearly intended to prohibit additional tax burdens on the local electors without their express approval through election. If the local government fails to comply with the voter approval provisions of the statutory scheme, the tax burden imposed in violation of the scheme is offset by a withholding of property taxes which would otherwise be distributed to the local government. This is a blatant attempt to achieve indirectly what cannot be done directly. The Legislature and thus the people by initiative may not interfere with the taxing power of local government by referendum. It cannot impose unconstitutional conditions on receipt of revenues nor sanction local government for refusing to abide by a constitutionally impermissible requirement. (See *Sonoma County Organization of Public Employees* v. *County of Sonoma* (1979) 23 Cal.3d 296, 318-319 [152 Cal.Rptr. 903, 591 P.2d 1].)

Section 53728 is thus invalid as it applies to section 53723 and those provisions of section 53724 relating to general taxes, irrespective of the severability issue which we next discuss.

III. SEVERABILITY

Having determined that portions of Proposition 62 are unconstitutional we must decide if the void parts are severable from the remainder. (*Santa Barbara Sch. Dist.* v. *Superior Court* (1975) 13 Cal.3d 315, 330 [118 Cal.Rptr. 637, 530 P.2d 605].)

We first note that the initiative contains a rather unusual severability clause in section 53730:[8]

"If any provision of this Article, or the application thereof to any person, organization, local government, district, or circumstance is held invalid or unconstitutional, the provision to other persons, organizations, local governments, districts, or circumstances shall not be affected thereby but shall remain in full force and effect."

■ A severability clause and the ability to sever mechanically the unconstitutional portions of a statute from the constitutional portions will ordinarily allow severance, but that process is not compelled unless the remainder of the statute is complete in itself and would have been adopted without the invalidated portion. (*Sonoma County Organization of Public Employees* v. *County of Sonoma, supra*, 23 Cal.3d at p. 320, citing *Santa Barbara Sch. Dist.* v. *Superior Court* [*supra*,] 13 Cal.3d 315, 330-331.) The remaining portions must constitute an independent operative expression of legislative intent, unaided by the invalidated provisions. They cannot be rendered vague by the absence of the invalidated provisions or be inextricably connected to them by policy considerations. They must be capable of separate enforcement. (*People's Advocate, Inc.* v. *Superior Court, supra*, 181 Cal.App.3d at p. 332.) The three criteria for severability—grammatical, functional, and volitional independence—must be met. (*Calfarm Ins. Co.* v. *Deukmejian* (1989) 48 Cal.3d 805, 821 [258 Cal.Rptr. 161, 771 P.2d 1247].)

■ Although the provisions of section 53723 for voter approval of local general tax ordinances may have been the heart of Proposition 62, some substantive provisions remain. Section 53722 has similar provisions for special taxes and may derive its own constitutional vitality from article XIII A, section 4, at least as to some local governmental agencies. (See *City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47 [184 Cal.Rptr. 713, 648 P.2d 935]; *Los Angeles County Transportation Com.* v. *Richmond* (1982)

---

[8]The clause is unusual because it appears to prevent the application of the doctrine of stare decisis in cases challenging the constitutionality of the statute rather than providing for the severance of one portion from the remainder. (See *City of Westminster* v. *County of Orange, supra*, 204 Cal.App.3d at pp. 631-632.) However, the validity of such a clause is not before us.

31 Cal.3d 197 [182 Cal.Rptr. 324, 643 P.2d 941].) Section 53725 prohibits the imposition of local transaction or sales taxes on the sale of real property.

It appears the remaining substantive provisions meet the test of severability. They are grammatically and functionally severable from the provisions we find invalid. Moreover, given the intent of the voters expressed by passage of Proposition 62, i.e., restriction of local taxes, sections 53722 and 53725 appear volitionally independent as well. Bearing in mind that we should give effect to the intent of the electorate to the greatest extent possible (see *City of Westminster* v. *County of Orange, supra*, 204 Cal.App.3d at p. 631), we conclude that those provisions of Proposition 62 which we have declared unconstitutional are severable from the remainder. Of course, in doing so we express no opinion as to any additional constitutional challenge which may be made to those sections not before us here.

## DISPOSITION

The judgment is reversed with directions to grant Woodlake's motion for summary judgment and to enter judgment thereon. Each party shall bear its own costs on appeal.

Best, P. J., and Martin, J., concurred.