BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE STEPHEN J. SMITH, DIRECTOR OF INDUSTRIAL RELATIONS, has requested an opinion on the following question:
In view of the qualification of Propositions 30 and 31 on the March 7, 2000 ballot, may public sector self-insured employers purchase special excess workers' compensation insurance policies effective January 1, 2000?
 CONCLUSION
Regardless of the qualification of Propositions 30 and 31 on the March 7, 2000 ballot, public sector self-insured employers may purchase special excess workers' compensation insurance policies effective January 1, 2000.
 ANALYSIS
In 1999, the Legislature enacted two interrelated statutes. (Stats. 1999, chs. 720, 721.) Chapter 720 authorizes third party claimants to sue insurance companies for unfair claims settlement practices and is known as the "Fair Insurance Responsibility Act of 2000." Chapter 721 amends chapter 720 but also contains two provisions concerning a different subject matter. Sections 5 and 7 of chapter 721 authorize public sector employers who are self-insured to purchase excess workers' compensation insurance to discharge their continuing obligations as self-insurers. Section 5 amends Insurance Code section 1063.1 and section 7 amends Labor Code section 3702.8
Normally, both chapters 720 and 721 would have become effective and operative on January 1, 2000. (Cal. Const., art., IV, § 8, subd. (c)(1).)[1] However, referendum petitions were successfully circulated with respect to both chapters and are presently designated as Propositions 30 and 31 on the March 7, 2000 ballot. Proposition 30 encompasses all of Chapter 720, while Proposition 31 encompasses only sections 2, 3, 4, 6, 8, and 9 of chapter 721. Accordingly, sections 5 and 7 of chapter 721, authorizing public section self-insured employers to purchase special excess workers' compensation insurance policies, are not part of either referendum.
The Constitution provides for the exercise of the referendum power by the electorate.[2] Subdivision (a) of section 9 of article II of the Constitution states:
 "The referendum is the power of the electors to approve or reject statutes or parts of statutes except urgency statutes, statutes calling elections, and statutes providing for tax levies or appropriations for usual current expenses of the State."
Subdivision (a) of section 10 of the same article specifies the consequences of exercising the referendum power:
 "An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise. If a referendum petition is filed against a part of a statute the remainder shall not be delayed from going into effect."
Accordingly, if a referendum petition is filed against a statute, it will not go into effect unless and until the voters approve it. (Assembly v. Deukmejian (1982) 30 Cal.3d 638, 681.) Here, chapter 720 is stayed and will not go into effect unless the voters approve Proposition 30 on March 7, 2000.
The situation is different with respect to chapter 721. Proposition 31 does not encompass sections 5 and 7 of chapter 721, which amend Insurance Code section 1063.1 and Labor Code section 3702.8 Ordinarily, we would have no difficulty in concluding that as of January 1, 2000, public employers were authorized to purchase excess workers' compensation insurance policies. (Cal. Const., art. II, § 10, subd. (a).)
The matter is not so easily resolved, however, due to the language of section 9 of chapter 721 of the Statutes of 1999. Section 9 states:
 "Sections 2, 3, 5, and 7 of this act shall not become operative unless Senate Bill 1237 of the 1999-2000 Regular Session is enacted, becomes operative, and this act is chaptered after Senate Bill 1237."
"Senate Bill 1237 of the 1999-2000 Regular Session" was enacted — it became chapter 720 of the Statutes of 1999. Thus, it was also chaptered before chapter 721, satisfying that condition of section 9 as well. However, due to the referendum of Proposition 30, chapter 720 has not become operative. Does that mean that sections 5 and 7 of chapter 721 are also inoperative due to the language of section 9 of chapter 721?
As previously noted, section 9 itself is subject to the referendum of Proposition 31. Accordingly, it is not operative and thus cannot act as an obstacle to the amendment of Insurance Code section 1063.1
and Labor Code section 3702.8 that occurred effective January 1, 2000.
We thus conclude that regardless of the qualification of Propositions 30 and 31 on the March 7, 2000 ballot, public sector self-insured employers may purchase special excess workers' compensation insurance policies effective January 1, 2000.
[1] Generally, a law becomes "effective" on January 1 of the year following its enactment. (Cal. Const., art IV, § 8, subd. (c)(1).) In the usual situation, the "effective" and "operative" dates are one and the same. (People v. Henderson (1980) 107 Cal.App.3d 475, 488.) In some instances, the Legislation may provide for different effective and operative dates. (Cline v. Lewis (1917) 175 Cal. 315, 318; Johnston v. Alexis (1984) 153 Cal.App.3d 33, 40; Estate of Martin (1983)150 Cal.App.3d 1, 3-4; 57 Ops.Cal.Atty.Gen. 451, 454 (1974).) "[T]he operative date is the date upon which the directives of the statute may be actually implemented," in contrast with the effective date which is the "date upon which the statute came into being as an existing law." (People v. McCaskey (1985) 170 Cal.App.3d 411, 416; accord, People v. Jenkins (1995) 35 Cal.App.4th 669, 673-674.) As of the effective date, the law "cannot be changed except by legislative process," but "the rights of individuals under its provisions are not substantially affected until the provision operates as law." (People v. Henderson, supra,107 Cal.App.3d at 488; accord, People v. Camba (1996) 50 Cal.App.4th 857, 866.)
[2] The referendum power in California has generally been described in various contexts. (See Santa Clara County Local Transportation Authority v. Guardino (1995) 11 Cal.4th 220, 238-242; Rossi v. Brown (1995)9 Cal.4th 688, 697-698; Referendum Committee v. City of Hermosa Beach (1986) 184 Cal.App.3d 152, 157-158; Comment, The Scope of the Initiative and Referendum in California (1966) 54 Cal.L.Rev. 1717.)