135 Cal.Rptr.2d 85 (2003)
109 Cal.App.4th 709
BARRATT AMERICAN, INCORPORATED, Plaintiff and Appellant,
v.
CITY OF RANCHO CUCAMONGA, Defendant and Respondent.
No. E032578.
Court of Appeal, Fourth District, Division Two.
May 28, 2003.
Review Granted October 1, 2003.
*86 Law Offices of Walter P. McNeill, Walter P. McNeill, Redding; Law Offices of Richard D. Gann and Richard D. Gann, San Diego, for Plaintiff and Appellant.
Richards, Watson & Gershon, James L. Markman, Brea, B. Tilden Kim, Los Angeles, and Juliet E. Cox, San Francisco, for Defendant and Respondent.

OPINION
GAUT, J.

1. Introduction

Barratt American, Incorporated is a real estate developer of residential subdivisions. Barratt contends the City of Rancho Cucamonga (City) overcharges for building permit and plan review fees. In May 2002, Barratt filed a petition for writ of mandate and complaint against the City, challenging the fees, seeking a refund of $143,000 for fees paid on a 123-unit subdivision, and challenging Resolution 02-023, which established fee schedules in January 2002.
On statute of limitations and other grounds, the trial court sustained the City's demurrer without leave to amend. The standard of review is whether the trial court abused its discretion.[1] We hold Barratt's proper remedy, if any, is under Government Code section 66016.[2] But Barratt's claims are either time-barred or cannot be sustained under section 66016. We affirm the judgment.

2. Background

The building permit fees charged by the City start at $25 for work valued up to $1,000 and end at $555 for work valued up *87 to $100,000. Every additional $1,000 in value incurs a fee of $2.50. Plan review fees are a percentage of the building permit fees.
As general allegations, the complaint asserts that the City is required by Article 13B, sections 1.5 and 8, subdivisions (b) and (c), of the California Constitution to audit all fees annually and determine whether they exceed the reasonable costs of the services provided. Additionally, section 66016, subdivision (a), regulates the fee process: "Unless there has been voter approval, as prescribed by Section ... 66014, no local agency shall levy a new fee or service charge or increase an existing fee or service charge to an amount which exceeds the estimated amount required to provide the service for which the fee or service charge is levied. If, however, the fees or service charges create revenues in excess of actual cost, those revenues shall be used to reduce the fee or service charge creating the excess."[3] Section 66014, former subdivision (a), provided "fees shall not exceed the estimated reasonable cost of providing the service for which the fee is charged" unless voter approved.
As Barratt interprets the Constitution and the Government Code, the City must annually (or more frequently) audit its fees and reduce them if appropriate. The reduction occurs by a prospective fee adjustment, revising the fee schedules within the next two years.[4]
Barratt further alleges the City's method of establishing building permit and plan review fees is arbitrary and unrelated to the actual cost of the service provided but is based instead on the monetary value of the work. Furthermore, in January 2002, the City arbitrarily established fee schedules when it adopted Resolution No. 02-023.

3. First and Second Causes of Action

Barratt's first cause of action is a petition for writ of mandate, alleging the City caused ongoing injury to Barratt, other builders, and consumers by failing to comply with its constitutional duty to perform an annual audit and adopt a subsequent fee reduction. The second cause of action, also a petition for writ of mandate, seeks to compel the City's compliance with section 66016.
The trial court ruled the proper remedy for fee adjustment is provided by section 66016, not Article 13B, and the first and second causes of action are barred by the 120-day statute of limitations set forth in section 66022. It also ruled mandamus is not the proper remedy because fee review and adjustment are discretionary acts.
On appeal, Barratt argues the statute of limitations does not apply because Barratt is not attacking the validity of the fee but only seeking to compel the City to perform the audit Barratt contends is required by Article 13B. In Trend Homes, Inc. v. Central Unified School Dist.,[5] the court rejected as form over substance a similar effort to evade the statute of limitations by framing a challenge to a school impact fee as a constitutional claim: The "... claim that the fees were excessive is merely given two different labels."[6] Barratt's effort to distinguish Trend Homes, Inc. because *88 Barratt seeks a declaration of the invalidity of a fee, not an audit, is unpersuasive.
In any event, Barratt's reliance on Article 13B is not apt. As the City explains, Article 13B addresses governmental expenditures,[7] not taxation and revenues. A challenge under Article 13B would be governed by section 7910 and a 45-day statute of limitations. But Article 13B has nothing to do with fees related to planning and zoning as governed by section 65000 et seq. Instead, the proper remedy for challenging fees imposed under sections 66014 and 66016 is to bring a validation action within 120 days of their implementation.[8]
Barratt, however, cannot bring a petition for writ of mandate under section 66016 because it is not timely under section 66022 or appropriate as an action for mandamus. The fee procedures under section 66014 and section 66016 are entirely discretionary. The fees are set by means of a legislative budget process, a quintessential discretionary act.[9] Fee revision is also accomplished by the exercise of legislative discretion. Therefore, issuance by the court of a writ of mandate commanding any action under sections 66014 and 66016 would be completely wrong. Neither the first nor second cause of action is timely or viable.

4. Third Cause of Action for Declaratory Relief

Barratt's third cause of action asks the court to impose a penalty under section 53728 on the City for collecting and retaining "special taxes," as defined by section 53722, without voter approval.[10]
The trial court ruled the third cause of action was also barred by the 120-day statute of limitations. Furthermore, it held the proper remedy was not an action for declaratory relief under Proposition 62, sections 53720 through 53730, but an action under section 66016, subdivision (e).
Barratt cites no authority transforming building permit and plan check fees into "special taxes." Fees imposed pursuant to section 66016 cannot be levied for general revenue purposes.[11] Section 66016 prohibits fees being used as taxes because section 66016 provides its own remedy, a prospective fee reduction, in circumstances where it has been determined there are surplus fees. The dollar-for-dollar offset or penalty[12] allowed by section 53728 would contravene the remedy supplied by section 66016. Section 53728 simply does not apply to Barratt's claims.
Like the trial court, we hold section 66016 provides Barratt's remedy and Barratt's claim based on that section is time-barred.

5. Fourth Cause of Action

Barratt's fourth cause of action asks for a refund, pursuant to sections 66020 and 66021, of $143,000 for building permit and plan check fees paid since June 2000. Barratt had submitted a written letter protest on September 21, 2001. Barratt alleges *89 the fees are either illegal "special" taxesentirely refundableor excessive feesrefundable in some percentage.
The trial court ruled Barratt could not obtain a refund under section 66020 because building permit and plan review fees are not development fees. The trial court relied on Utility Cost Management v. Indian Wells Valley Water Dist.,[13] holding that water or sewer connection fees imposed under section 66013 are not development fees subject to refund under section 66020.
The threshold obstacle to Barratt's recovery of a refund is that Barratt has waived any right of recovery: "It is fundamental that a landowner who accepts a building permit and complies with its conditions waives the right to assert the invalidity of the conditions and sue the issuing public entity for the costs of complying with them."[14] Barratt did not act under compulsion; it had other alternatives. It could have built its development elsewhere.[15] It could have challenged the fee ordinance before proceeding.[16] It could have tried to negotiate with the City.[17] But, having accepted the benefits of the permit, it has no right to a refund.
Furthermore, even if Barratt could assert some right to recovery because the City overcharged for building permit and plan review fees, as has been repeatedly stated, the remedy is the prospective fee reduction described in section 66016. Barratt attempts to use the protest and refund procedures set forth in sections 66020 and 66021. But those sections do not apply to building permit and plan review fees.
Section 66020 applies to development projects, as covered by sections 66000 through 66008, inclusive, and defined in section 66000. Section 66021 applies to developments and development projects as defined by section 65927 and covered by sections 65920 through 65963.1, inclusive, for review and approval of development projects.
Section 66016 is not included among the development-project statutes enumerated above. Furthermore, section 66016, subdivision (d) identifies the statutes it governs as follows: "This section shall apply only to fees and charges as described in Sections 51287, 56383, 57004, 65104, 65456, 65863.7, 65909.5, 66013, 66014, and 66451.2 of this code, Sections 17951, 19132.3, and 19852 of the Health and Safety Code, Section 41901 of the Public Resources Code, and Section 21671.5 of the Public Utilities Code." The development-project statutes sections 66000 through 66008, 65920 through 65963.1, 66020, and 66021are not included. But the sections concerning building permit and plan review fees section 66014 and sections 17951, 19132.3, and 19852 of the Health and Safety Codeare included.
Barratt's effort to extend the scope of sections 66020 and 66021 contradicts the whole statutory scheme in which development fees are treated differently than building permit and plan review fees. A *90 fee does not become a development fee because a developer pays it. Just as fees imposed under section 66013 could not be refunded under section 66020,[18] fees imposed under sections 66014 and 66016 could not be refunded under sections 66020 or 66021. Any other statutory interpretation would create absurd results and must be rejected.[19]

6. Fifth Cause of Action for Validation of Resolution 02-023

The fifth cause of action attacks the fee ordinance adopted by the City in January 2002 by Resolution No. 02-023. It cites sections 66016 and 66022 and asserts the fees established are excessive, unreasonable, and unlawful. The trial court ruled section 66016 does not apply because Resolution No. 02-023 did not increase existing building permit and plan review fees.
On appeal, Barratt argues its authority to challenge the fee ordinance is found in section 66022, subdivisions (a) and (c), because the 2002 fee ordinance implemented "a new and different comprehensive fee ordinance encompassing a wide variety of fees" and because the 2002 ordinance slightly reduced, by 50 cents, the building permit fee from $555.50 for work valued at $100,000 to $555.
The 50-cent difference, however, apparently was a typographical error. It was not a new, modified, amended, or increased fee as may be prohibited by sections 66016 and 66022. Furthermore, the fee ordinance, to the extent it reenacts the previous fee ordinance, simply continues the older ordinance.[20] A reenactment is not a new ordinance or a modification, amendment, or increase. We reject Barratt's attempt to argue that "re-adoption" of the fee ordinance authorizes a challenge under sections 66016 and 66022. Finally, the 50-cent error caused only a trivial reduction in the fee. No law or reason allows Barratt to attack a reduced fee in a validation action. Only new or increased fees are properly subject to challenge.

7. Disposition

We affirm the judgment of the trial court. The prevailing party shall recover its costs on appeal.
We concur: McKINSTER, Acting P.J., and WARD, J.
NOTES
[1] Blank v. Kirwan (1985) 39 Cal.3d 311, 318, 216 Cal.Rptr. 718, 703 P.2d 58.
[2] Unless otherwise stated, all further statutory references are to the Government Code.
[3] Section 66016, subdivision (a).
[4] Constitution, Article 13B, sections 1 and 2, subdivision (b).
[5] Trend Homes, Inc. v. Central Unified School Dist. (1990) 220 Cal.App.3d 102, 269 Cal. Rptr. 349.
[6] Trend Homes, Inc. v. Central Unified School Dist., supra, 220 Cal.App.3d at page 115, 269 Cal.Rptr. 349.
[7] County of Placer v. Corin (1980) 113 Cal. App.3d 443, 449, 170 Cal.Rptr. 232.
[8] Sections 66014, subdivision (c); 66016, subdivision (e); and 66022, subdivision (a).
[9] County of Butte v. Superior Court (1985) 176 Cal.App.3d 693, 699, 222 Cal.Rptr. 429.
[10] Section 53722.
[11] Health and Safety Code sections 17951, subdivision (c), and 19132.3.
[12] City of Woodlake v. Logan (1991) 230 Cal. App.3d 1058, 1069, 282 Cal.Rptr. 27, overruled on other grounds in Santa Clara County Local Transportation Authority v. Guardino (1995) 11 Cal.4th 220, 243-246, 45 Cal. Rptr.2d 207, 902 P.2d 225.
[13] Utility Cost Management v. Indian Wells Valley Water Dist. (2001) 26 Cal.4th 1185, 1191, 114 Cal.Rptr.2d 459, 36 P.3d 2.
[14] Pfeiffer v. City of La Mesa (1977) 69 Cal. App.3d 74, 78, 137 Cal.Rptr. 804.
[15] N.T. Hill, Inc. v. City of Fresno (1999) 72 Cal.App.4th 977, 992, footnote 13, 85 Cal. Rptr.2d 562.
[16] McLain Western # 1 v. County of San Diego (1983) 146 Cal.App.3d 772, 776-777, 194 Cal. Rptr. 594.
[17] N.T. Hill, Inc. v. City of Fresno, supra, 12 Cal.App.4th at pages 992-993, 85 Cal.Rptr.2d 562.
[18] Utility Cost Management v. Indian Wells Valley Water Dist., supra, 26 Cal.4th at page 1191, 114 Cal.Rptr.2d 459, 36 P.3d 2; Capistrano Beach Water Dist. v. Taj Development Corp. (1999) 72 Cal.App.4th 524, 528-530, 85 Cal.Rptr.2d 382.
[19] Torres v. Parkhouse Tire Service, Inc. (2001) 26 Cal.4th 995, 1003, 111 Cal.Rptr.2d 564, 30 P.3d 57; N.T. Hill Inc. v. City of Fresno, supra, 72 Cal.App.4th at page 998, 85 Cal.Rptr.2d 562.
[20] In re Dapper (1969) 71 Cal.2d 184, 189, 77 Cal.Rptr. 897, 454 P.2d 905, citing Sobey v. Molony (1940) 40 Cal.App.2d 381, 385, 104 P.2d 868.